**STATE of Missouri, Respondent,**

v.

**Leonard L. ROSENBOOM, Appellant.**

**No. ED 84865.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 6, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 11, 2005.

Application for Transfer Denied
Nov. 22, 2005.

Michael A. Gross, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Attorney General, Jefferson City, MO, for respondent.

Before NANNETTE A. BAKER, P.J. and ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ.

### ORDER

PER CURIAM.

Leonard Rosenboom (Defendant) appeals from the judgment upon his convictions of one count of assault in the first degree, Section 565.050, RSMo 2000, one count of assault in the third degree, Section 565.070, RSMo 2000, two counts of forcible rape, Section 566.030, RSMo 2000,

and one count of kidnapping, Section 565.110, RSMo 2000. Defendant was sentenced, as a prior offender, to consecutive sentences of life imprisonment on the first-degree assault count, life imprisonment on each of the two rape counts, and fifteen years' imprisonment on the kidnapping count. Defendant was sentenced to one-year in the county jail on the third-degree assault count, to run concurrent to the consecutive sentences. Defendant contends the trial court abused its discretion in (1) denying his motion for continuance to enable the substitution of private counsel for the public defender, (2) denying Defendant's motion for declaration of a mistrial after several jurors saw him escorted from the courthouse in shackles, and (3) denying Defendant's motion for a mistrial based on the State's failure to produce a medical witness's notes until after her testimony was completed. Defendant also argues the trial court plainly erred when it failed to admonish the prosecutor and instruct the jury to disregard the prosecutor's disparagement of defense counsel during summation.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 30.25(b).