■
**Leonard ROSENBOOM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 89722.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 6, 2008.

Jessica Hathaway, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, Mary Highland Moore, Jefferson City, MO, for Respondent.

Before MARY K. HOFF, P.J., SHERRI B. SULLIVAN, J., and GEORGE W. DRAPER III, J.

### ORDER

PER CURIAM.

Leonard Rosenboom (hereinafter, "Movant") appeals from the denial of his Rule 29.15 post-conviction motion after an evidentiary hearing. Movant was convicted of one count of assault in the first degree, Section 565.050 RSMo (2000),[1] two counts

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

of forcible rape, Section 566.030, one count of kidnapping, Section 565.110, and one count of assault in the third degree, Section 565.070. Movant was sentenced, as a prior offender, to three consecutive sentences of life imprisonment on the first-degree assault count and the two rape counts, and another consecutive term of fifteen years' imprisonment on the kidnapping count. Movant was sentenced to one-year in the county jail on the third-degree assault count, to run concurrent to the consecutive sentences. Movant's convictions were affirmed on direct appeal. *State v. Rosenboom*, 174 S.W.3d 652 (Mo. App. E.D.2005). Subsequently, Movant filed a motion for post-conviction relief pursuant to Rule 29.15, which the motion court denied after an evidentiary hearing.

Movant raises three points on appeal. Movant claims the motion court clearly erred when it erroneously determined he did not receive ineffective assistance of counsel when: (1) defense counsel failed to apprise Movant of his trial date in a timely manner which prevented Movant from having counsel of his choice; (2) appellate counsel failed to raise the most recent, relevant, and favorable precedent for Movant's choice of counsel argument; and (3) defense counsel permitted "dirty" jury instructions to be submitted to the jury.

We have reviewed the briefs of the parties, the legal file, and the transcript and find the motion court's decision was not clearly erroneous. Rule 29.15(k). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 84.16(b).